**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 1:10-cv-01979-JLK**

**CARRIE ALEXIA YOVELL**, and
**MEHDI BALLOUCHY**

    Plaintiffs,

v.

**ALEJANDRO MAYORKAS**, Director, U.S. Citizenship and Immigration Services, and
**ERIC H. HOLDER, JR.**, Attorney General of the United States,

    Defendants.

---

# ORDER

---

On August 15, 2002, Plaintiff Carrie Alexia Yovell filed a visa petition with the U.S. Citizenship and Immigration Service ("USCIS") in which she sought to have her now ex-husband, Plaintiff Mehdi Ballouchy, classified as an immediate relative pursuant to 8 U.S.C. § 1154(a)(1)(A)(i). Nearly three years later, USCIS conducted its initial interview with Plaintiffs, and on August 6, 2005, it issued a decision denying the petition.

After Plaintiff Yovell timely filed a motion to reopen her petition, USCIS retracted its denial but issued a Notice of Intent to Deny on January 18, 2007. More than two years later, Plaintiffs were again interviewed by USCIS, and on July 8, 2009 USCIS issued its final decision denying Plaintiff Yovell's petition. In its decision, USCIS asserted that Plaintiffs had failed to meet their evidentiary burden and that they had conspired to enter

into a fraudulent marriage for the purpose of evading immigration laws.

Plaintiff Yovell appealed the denial of her petition to the Board of Immigration Appeals ("BIA"). Although the BIA refused to sustain the finding that Plaintiffs had entered into a fraudulent marriage, it upheld USCIS' denial of the petition. On August 18, 2010, Plaintiff Yovell filed the instant suit seeking review of Defendants' denial of her visa petition. After Defendants filed the Administrative Record on March 23, 2011, on April 22, 2011, Plaintiff sought and I granted permission to hold briefing in abeyance pending resolution of anticipated issues relating to the composition of the Administrative Record. After the parties proved unable to resolve their dispute over the contents of the Administrative Record, I set this matter for briefing.

This matter is currently before me on Plaintiffs' Motion to Complete the Administrative Record (doc. 42). The parties have submitted their arguments concerning the adequacy, or inadequacy, of the Administrative Record, and this matter is now ready for my review. For the reasons stated below, Plaintiffs' motion is GRANTED.

## ANALYSIS

Plaintiffs challenge Defendants' actions under the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101, *et seq.*. As this statute fails to define or specify the standard of review to be used in examining Defendants' actions, the Administrative Procedures Act ("APA"), 5 U.S.C. § 500, *et seq.*, provides the framework for this appeal. Accordingly, I must apply the standards articulated in the APA in considering the merits of Plaintiffs' Motion to Complete the Administrative Record.

*Judicial Review of the Sufficiency of the Administrative Record*

The APA directs that "the court shall review the whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706. The definition of the "whole record" is not entirely clear, but at a minimum it must include documents and evidence that were directly and indirectly considered by the agency in reaching its decision. *Bar MK Ranches v. Yeutter*, 994 F.2d. 735, 739 (10th Cir. 1993).[1] Plaintiffs argue that the record submitted by Defendants fails to include evidence indirectly considered by the BIA, and they seek to complete the Administrative Record with: (1) records relating to the interviews conducted by USCIS and (2) the results of a public records search regarding Plaintiffs' history of habitation.[2]

In order to decide whether the administrative record submitted by Defendants is complete, I must consider whether these materials "were actually considered by the agency, yet omitted from the administrative record." *Center for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1274 (D. Colo. 2010). Consistent with the deference owed an agency under § 706, I assume that the agency properly designated its record absent clear evidence to the contrary. *Bar MK Ranches v. Yeutter*, 994 F.2d. at 740. Therefore, the burden to rebut the presumption of a complete record initially rests with Plaintiffs who must show by clear evidence that the record fails to include documents or materials considered by Defendants in reaching the challenged

---

[1] For a thorough discussion of the theoretical underpinnings of record composition and the means by which parties may challenge an agency's designation of the record, see *WildEarth Guardians v. Salazar*, 713 F. Supp. 2d 1243 (D. Colo. 2010).

[2] As Defendants note, Plaintiffs also seek an unredacted copy of the Administrative Record. Defendants represent that they intend move for a Privacy Act Protective Order so that they may comply with this request. They also represent that they will take Plaintiffs' concerns relating to the organization of the Administrative Record into consideration when they create the unredacted Administrative Record. As such, I do not address these issues.

decision.

To overcome the presumption of regularity and meet the burden of proving that the record designated by the agency is incomplete, Plaintiffs must clearly set forth in their motion: (1) when the documents were presented to the agency; (2) to whom; (3) and under what context. *WildEarth Guardians v. Salazar*, 713 F. Supp. 2d 1243, 1254 (D. Colo. 2010) (citing *Pacific Shores Subdivision v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 7 (D.D.C. 2006)). As noted above, Plaintiffs participated in two interviews as part of USCIS' review of Plaintiff Yovell's visa petition: the first on June 29, 2005, and the second on March 17, 2009. It is undisputed that the agency itself conducted these interviews and USCIS relied upon these interviews in determining that Plaintiffs had failed to demonstrate that their marriage was valid for immigration purposes. *See* Administrative Record (doc. 25) at 386-87. Similarly, it is undisputed that USCIS conducted and relied upon a public records search in finding that Plaintiffs had never claimed a common address. *See id.* at 387. Plaintiffs have met their initial burden for these two categories of evidence.

This showing is not, however, sufficient grounds for admitting the interviews and public records search into the Administrative Record. Plaintiffs must also establish that the interviews and public records search were directly or indirectly considered by the relevant agency decision makers, in this case the BIA. *Bar MK*, 994 F.2d at 739. Although Defendants properly note that there is no evidence that the BIA directly considered either the interviews or the public records search in denying Plaintiff Yovell's appeal, the whole record also includes documents besides those which "literally pass[ed] before the eyes of the final agency decisionmaker[s]." *Clairton Sportsmen's Club v. Pa. Turnpike Comm'n*, 882 F. Supp. 455, 465 (W.D. Pa. 1995); *Miami*

4

*Nations of Indians of Ind. v. Babbitt*, 979 F. Supp. 771, 777 (N.D. Ind. 1996). If the BIA based its decision on the work and recommendations of subordinates, those materials should be included in the record. W*ildEarth Guardians v. Salazar*,713 F. Supp. 2d at 1256 (citing *Amfac Resorts LLC v. U.S. Dep't of Interior*, 143 F. Supp. 2d 12(D.D.C. 2001)). The proper touchstone remains the BIA's actual consideration, and Plaintiffs must show with clear evidence the context in which materials were considered by the BIA in the ultimate denial of Plaintiff Yovell's visa petition.

Defendants argue that Plaintiffs fail to meet this burden, because the BIA "did not base its decision on the portion of USCIS's decision that mentioned the interview testimony or the public records search." *Defendant's Response to Plaintiff's Motion to Complete the Administrative Record* (doc. 43), at 6. The backlog facing our immigration courts has been well documented, but it defies belief that the BIA could meaingfully consider the merits of Plaintiff Yovell's appeal without considering the entire three page decision outlining the basis for denying her visa petition. Although the BIA's holding suggested it only considered the documentary evidence presented by Plaintiff, it was clearly based on the USCIS's decision which unquestionably relied upon the interviews and public records search. Nevertheless, I must be careful to resist substituting "consideration through citation" for evidence of direct or indirect consideration. *See Center for Native Ecosystems*, 711 F. Supp. 2d at 1276-78.

In *Center for Native Ecosystems*, Plaintiffs sought to introduce lengthy documents from which limited information had been gleaned and summarized by subordinates and presented to the relevant decisionmakers in table form. As I noted in that case, there was

5

no indication "that anyone reading this table relied so heavily on the underlying reports that they had constructively considered the underlying consultation documents." 711 F. Supp. 2d at 1277.

In contrast, in this case it is apparent that the USCIS directly relied upon the interviews and pubic records search in their entirety as key factors in reaching its decision. And, as noted above, it is inconceivable that BIA did not at least consider the entirety of the USCIS' decisions denying Plaintiff Yovell's visa petition in denying her appeal. Thus, I find Plaintiffs have adequately established that the Administrative Record in this case should include information relating to the interviews conducted by and relied upon the USCIS in denying her visa petition as well as the public records search conducted by the USCIS.[3]

## CONCLUSION

Based on the foregoing discussion, Plaintiffs' Motion to Complete the Administrative Record (doc. 42) is GRANTED. Defendants shall have up to and including July 15, 2011 to submit a supplement to the Administrative Record containing (1) transcripts and records of the interviews of Plaintiffs conducted by USCIS on June 29, 2005 and March 17, 2009 and (2) the public records searches conducted by the USCIS. If

---

[3] Even if I were to deny Plaintiffs' Motion to Complete the Record, I would include these documents on a theory of supplementation. The relevance of these documents to USCIS's decisions and the BIA's denial of Plaintiff Yovell's appeal is unquestionable and, even if they were not, they should have been considered by the BIA in denying Plaintiff Yovell's appeal. *See Center for Native Ecosystems*, 711 F. Supp. 2d at 1280-81. As I noted in *Center for Native Ecosystems*, if Defendants "could exclude documents and materials from the administrative record by intentionally deciding not to review them, they could significantly skew the record in [their] favor. This is inconsistent with the meaningful judicial review required by *Overton Park*." 711 F. Supp. 2d at 1281.

there are no transcripts or records of these interviews, Plaintiff should request a *subpoena ad testificandum* for the officers who conducted the interviews. *See Overton Park*, 401 U.S. at 420 ("The court may require the administrative officials who participated in the decision to give testimony explaining their action).

    Dated:  June 29, 2010.                      BY THE COURT

                                                **/s/ John L. Kane**
                                                Senior U.S. District Judge